IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TANYA EMKEY, *et al.*,              *

   Plaintiffs,                *

                                     Civil Action No. RDB-18-1304

v.                                  *

W.S.C., Inc., *et al.*,             *

   Defendant.                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

This putative class action lawsuit case arises from Plaintiffs Tanya and Timothy Emkey's (the "Emkeys" or "Plaintiffs") allegations that Defendants W.S.C., Inc. ("WSC") and Indian Acres Club of Chesapeake Bay, Inc. ("Indian Acres") (collectively, the "Defendants") have failed to uphold their obligation to transfer the common amenities of a planned campground to Plaintiffs and other similarly situated owners of campground lots, or "Funsteads." The Emkeys bring claims of breach of contract (Counts One and Four); violations of Maryland Real Property Article (Counts Two and Three); unjust enrichment (Count Five); unfair a deceptive trade practices (Count Six); and seek a declaratory judgment (Count Seven).

Currently pending before this Court are the Plaintiffs' Motion for Conditional Certification and to Send Notice to the Class (ECF No. 14); Defendants' Motion to Limit Plaintiffs' Communications with the Putative Class (ECF No. 21); and Defendants' Motion for Summary Judgment (ECF No. 33). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below,

Plaintiff's Motion for Conditional Certification and to Send Notice to the Class (ECF No. 14) is DENIED and therefore Defendants' Motion to Limit Plaintiffs' Communications with the Putative Class (ECF No. 21) is DENIED AS MOOT. Defendants' Motion for Summary Judgment (ECF No. 33) shall await this Court's resolution in due course.[1]

To obtain class certification, the Plaintiffs must meet all four requirements of Federal Rule of Civil Procedure 23(a), and at least one of the requirements of Rule 23(b). *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 423 (4th Cir. 2003). Pursuant to an "implicit threshold requirement" of Rule 23(a), a plaintiff must establish that the class is ascertainable. *EQT Production Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). Having met this basic requirement, the plaintiff must then establish the requirements of numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). With respect to Rule 23(b), Plaintiffs appear to seek certification of the putative class under Rule 23(b)(3), which requires a finding that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs must establish that the class certification requirements have been met by a preponderance of the evidence. *Brown v. Nucor Corp.*, 785 F.3d 895, 931-32 (4th Cir. 2015).

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348, 131 S. Ct. 2541, 2550 (2011) (internal quotation marks and citation omitted). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must

---

[1] Counsel are instructed to contact the Court to schedule a telephonic status conference.

affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common issues of law or fact, etc." *Id.* at 351. In ruling on a class certification motion, a court must take a close look at the facts relevant to the certification question, even if those facts "tend to overlap with the merits of the underlying case." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006); *accord Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004) ("[W]hile an evaluation of the merits . . . is not part of a Rule 23 analysis, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits.").

The Supreme Court recently noted that "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question,' and that certification is proper only if 'the trial court is satisfied, after a *rigorous analysis*, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart*, 564 U.S. at 350-51 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (emphasis added); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978) ("[T]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'") (quoting *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558 (1963)).

Plaintiffs argue that a class action is appropriate because the "proposed class members are similarly situated." (ECF No. 14.) To support this proposition, Plaintiffs have relied on case law concerning collective actions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* which are not applicable to class actions. *See, e.g., Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519-520 (D. Md. 2000) (discussing standards applicable to the "collective action" provision of the FLSA, 29 U.S.C. § 216(b)). As this Court has

3

explained, plaintiffs pursuing collective actions under the FLSA "are not bound by Rule 23's requirements of numerosity, commonality, typicality, and adequacy; they need only demonstrate that they are 'similarly situated' to proceed as a class. *Robinson v. Empire Equity Group, Inc.*, 2009 WL 4018560, at *2 n.8 (D. Md. 2009) (quoting *Mancia v. Mayflower Textile Servs. Co.*, No. CCB-08-273, 2008 WL 4735344, at *2 (D. Md. Oct. 14, 2008). The Emkeys' reliance on inapposite case law concerning the FLSA reflects a misguided and confused litigation strategy. Their motion otherwise makes only passing references to the requirements of Rule 23, and they have not filed a Reply memorandum addressing their Motion's defects. Because of these deficiencies, Plaintiffs' Motion does not avail itself to the "rigorous analysis" this Court must conduct before certifying a class action. *Wal-Mart*, 564 U.S. at 350-51 (quoting *Falcon*, 457 U.S. at 160). Accordingly, Plaintiff's Motion for Conditional Certification and to Send Notice to the Class (ECF No. 14) is DENIED.

Professing concerns about a misleading Facebook post authored by Plaintiff Tanya Emkey, Defendants have filed a Motion to Limit Plaintiffs' Communications with the Putative Class, invoking Fed. R. Civ. P. 23(d)(1). Pursuant to Rule 23(d)(1)(B) and (C), this Court may "issue orders that . . . protect class members and fairly conduct the action" and "impose conditions on the representative parties." As this case will not proceed as a class action under Rule 23, Defendants' Motion (ECF No. 21) is DENIED AS MOOT.

For these reasons, it is HEREBY ORDERED this 21st day of March, 2019 that:

1. Plaintiffs' Motion for Conditional Certification and to Send Notice to the Class (ECF No. 14) is DENIED;

4

2. Defendants' Motion to Limit Plaintiffs' Communications with the Putative Class (ECF No. 21) is DENIED AS MOOT;

3. The Clerk of Court shall transmit a copy of this Order to counsel of record.

____/s/_____
Richard D. Bennett
United States District Judge